IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH LYNN BOYSZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:03cv1526 |
| ) | |
| JOHN W. THOMPSON, individually and in ) | |
| his capacity as Superintendent of the City of ) | |
| Pittsburgh Public Schools and the ) | |
| PITTSBURGH BOARD OF PUBLIC ) | |
| EDUCATION and the CITY OF ) | |
| PITTSBURGH SCHOOL DISTRICT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Presently before the Court for disposition are the DEFENDANTS' MOTION FOR RECONSIDERATION OF GRANT OF PARTIAL SUMMARY JUDGMENT AND MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AS A MATTER OF LAW (*Document No. 82*), the Plaintiff's Memorandum in opposition (*Document No. 84*), and the Defendants' Reply Brief (*Document No. 85*). For the reasons that follow, the Motion will be denied.

### BACKGROUND

This matter was filed on October 9, 2003, and was referred to United States Magistrate Judge Robert C. Mitchell on October 14, 2003 for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B) and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On August 2, 2004, Plaintiff filed a Renewed Motion for Partial Summary Judgment, which, not surprisingly, Defendants vigorously opposed. On September 23, 2004, Magistrate Judge Mitchell issued an extensive Report and Recommendation in which he granted Plaintiff summary judgment with respect to Count I of the First Amended Complaint. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days to serve and file written objections to the Report and Recommendation. Defendants filed objections on October 4, 2004.

After a *de novo* review of the record of the matter and the Report and Recommendation, and the timely objections thereto, on October 29, 2004, the Court issued an Order in which it adopted as the Opinion of the Court the Report and Recommendation issued by Magistrate Judge Mitchell on September 24, 2004.

On December 27, 2004, Magistrate Judge Mitchell referred this matter back to the undersigned.

On April 22, 2005, attorneys Mark R. Hornak, Gregory A. Miller, and Lisa Passarello entered their appearances for Defendants. On April 28, 2005, the Court conducted a Pretrial/Settlement Conference at which all counsel attended. On May 6, 2005, the Court issued a Pretrial Order in which a jury trial was set in this matter for September 26, 2005.

On July 22, 2005, approximately nine months after the Order of Court which adopted the Report and Recommendation and approximately two months prior to the scheduled trial date in this matter, Defendants filed the instant Motion for Reconsideration. Defendants argue for the first time that "applicable Third Circuit law precludes the assertion of any of Plaintiff's claims in this forum" and that the October 2004 Order be vacated and judgment be entered in favor of Defendants as a matter of law.

## STANDARD

The Court will consider the Motion for Reconsideration as one brought pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend a judgment, which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Generally a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice.  *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Additionally, " '[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments'."  *Federico v. Charterers Mut. Assurance Ass'n Lit.*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001).

## DISCUSSION

Defendants ask the Court to reconsider its October 29, 2004 Order in which it adopted as the Opinion of the Court the Report and Recommendation issued by Magistrate Judge Mitchell on September 24, 2004.  Defendants acknowledge that the arguments presented in their Motion for Reconsideration "have not been previously presented to this court but because they rely on settled Third Circuit law, and are dispositive of Plaintiff's claims, the Court may, . . . consider them at this time."  Mot. at 2.  Further, Defendants concede that while the arguments "could be presented in a motion for judgment as a matter of law under Fed.R.Civ.P. Rule 50 at the close of Plaintiff's case," "equities weigh in favor of the court's consideration of these arguments now."

It is not disputed that the issues and arguments presented in the Motion for Reconsideration have not been previously presented to the Court. Magistrate Judge Mitchell specifically detailed all the arguments Defendants made in opposition to the Plaintiff's Motion for Partial Summary Judgment. Both this Court and Magistrate Judge Mitchell properly examined all of the arguments Defendants made in response to Plaintiff's Motion for Partial Summary Judgment. Importantly, Defendants <u>never</u> made the legal arguments they now make in their Motion for Reconsideration. There is no evidence that Defendants lacked the ability to raise these arguments in their opposition to Plaintiff's Motion for Partial Summary Judgment. Thus, the Court finds and rules that the arguments now made by Defendants which form the basis for the instant Motion are new legal arguments that were previously available to Defendants. As set forth *supra,* raising a new legal argument in a motion for reconsideration that could have been made in opposing the original motion is not the proper basis for bringing a motion for reconsideration. Therefore, the Motion for Reconsideration filed by Defendants will be denied.

The Court notes the Defendants are not prejudiced by this ruling as they will not be precluded from raising the new legal arguments in a motion for judgment as a matter of law under Fed.R.Civ.P. Rule 50 at the close of Plaintiff's case.

An appropriate Order follows.

                  McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH LYNN BOYSZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:03cv1526 |
| ) | |
| JOHN W. THOMPSON, individually and in ) | |
| his capacity as Superintendent of the City of ) | |
| Pittsburgh Public Schools and the ) | |
| PITTSBURGH BOARD OF PUBLIC ) | |
| EDUCATION and the CITY OF ) | |
| PITTSBURGH SCHOOL DISTRICT, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

AND NOW, this 30th day of August, 2005, upon consideration of Defendants' Motion for Reconsideration (*Document No. 82*) and the Memorandum in opposition, it is hereby **ORDERED** that the Motion for Reconsideration is **DENIED**.

                                                                            s/Terrence F. McVerry,
                                                           United States District Court Judge

cc:       Adrian N. Roe, Esquire
           Watkins, Dulac & Roe P.C.
           Email: aroe@watkinsdulac.com

           Kenneth J. Witzel, Esquire
           Watkins, Dulac & Roe P.C.
           Email: kwitzel@watkinsdulac.com

           Ira Weiss, Esquire
           445 Fort Pitt Boulevard
           503 Fort Pitt Commons Building
           Pittsburgh, PA 15219

John H. Rushford, Esquire
Email: john.rushford@verizon.net

Gregory A. Miller, Esquire
Buchanan Ingersoll
Email: millerga@bipc.com

Lisa M. Passarello, Esquire
Buchanan Ingersoll
Email: passarellolm@bipc.com

Mark R. Hornak, Esquire
Buchanan Ingersoll
Email: hornakmr@bipc.com