**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BETH LYNN BOYSZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:03cv1526 |
| | ) | |
| JOHN W. THOMPSON, individually and in | ) | |
| his capacity as Superintendent of the City of | ) | |
| Pittsburgh Public Schools and the | ) | |
| PITTSBURGH BOARD OF PUBLIC | ) | |
| EDUCATION and the CITY OF | ) | |
| PITTSBURGH SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

Before the Court for disposition is the MOTION TO EXCLUDE THE TESTIMONY OF

EDWARD PRUCHNIC, with brief in support, filed by Defendants (*Document Nos. 75 and 76*,

respectively), the opposition brief filed by Plaintiff (*Document No. 79*), and Reply Brief filed by

Defendants (*Document No. 81*).   For the reasons that follow, the Motion will be granted.

**Discussion**

Defendants seek to prohibit the testimony of Edward Pruchnic who has been identified by

Plaintiff as an education expert witness.  Specifically, Defendants raise the following arguments:

> "[N]one of Pruchnic's opinions and conclusions satisfies the requirements
> of <u>Daubert</u>,  Fed. R. Evid. 702 or Fed. R. Civ. P. 37.  His testimony is
> irrelevant, unreliable and does not fit.  He is also not qualified to be an
> expert witness.  Furthermore, the opinions offered by Pruchnic relate to
> issues that do not require expert testimony and are within the knowledge of
> lay persons."

Defs' Br. at 1.

1

As set forth below, the Federal Rules of Evidence set forth the parameters of testimony by expert witnesses.  Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  With respect to an expert's opinion on an ultimate issue, Rule 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

In *Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit articulated the standard for qualifying an expert:

> Rule 702 requires the witness to have "specialized knowledge" regarding the area of testimony.  The basis of this specialized knowledge "can be practical experience as well as academic training and credentials."  We have interpreted the specialized knowledge requirement liberally, and have stated that this policy of liberal admissibility of expert testimony "extends to the substantive as well as the formal qualification of experts."  However, "at a minimum, a proffered expert witness ... must possess skill or knowledge greater than the average layman . . . ."

*Id*. at 625 (citations omitted).  However, despite the "generally liberal standard of qualifying experts," our court of appeals has rejected "a policy of qualifying any proffered witness as an expert."  *Elcock v. Kmart Corp.*, 233 F.3d 734, 742 (3d Cir. 2000).

With respect to Mr. Pruchnic's qualifications, it is possible that he is qualified as an education expert in some respects.   However, the Court finds and rules that the testimony which Plaintiff seeks to elicit from Mr. Pruchnic is nevertheless inadmissible because his opinions relate

to issues that do not require expert testimony and are within the knowledge of lay persons. *See* Fed. R. Evid. 702.

Plaintiff argues that "the jury would be assisted by testimony from an experienced educator and educational administrator," such as Mr. Pruchnic.  As Plaintiff states, "this case focuses on Defendants' decision to discipline Plaintiff for 'cheating' in connection with a standardized test she administered to a group of fourth grade students." Pl's Opp'n at 1.   To put it simply, it is not "beyond the ken of an average juror" to make this determination. *Beck v. City of Pittsburgh*, 89 F.3d 966, 976-77 (3d Cir. 1996).  Therefore, it is unlikely that Mr. Pruchnic's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  Indeed, the testimony as proposed would tell the jury what it should conclude from the evidence, and would have the effect of usurping the fact finding and decision making function of the jury if permitted.[1]

Conclusion

For the reasons stated above, Defendants' Motion to Exclude the Testimony of Edward Pruchnic will be granted.  An appropriate Order follows.

McVerry, J.

---

[1]      In his report, Mr. Pruchnic opines, *inter alia*, that "Mrs. Boysza did not cheat," that he has "seen no evidence that Mrs. Boysza was given any training by the City of Pittsburgh School District with respect to the administration of a standardized test to a group of predominantly non-proficient students," and that a "review of Mrs. Boysza's grading practices strongly undercuts any suggestion that she was cheating." Defs' Mot., Exhibit A, at 2.

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETH LYNN BOYSZA,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          02:03cv1526
                                           )
JOHN W. THOMPSON, individually and in      )
his capacity as Superintendent of the City of   )
Pittsburgh Public Schools and the         )
PITTSBURGH BOARD OF PUBLIC                 )
EDUCATION and the CITY OF                  )
PITTSBURGH SCHOOL DISTRICT,                )
                                           )
                    Defendants.            )

### ORDER OF COURT

AND NOW, this 15th day of September, 2005, it is hereby **ORDERED** that the Motion to

Exclude the Testimony of Edward Pruchnic (*Document No. 75*) is **GRANTED**.  Accordingly,

Edward Pruchnic is not permitted to offer testimony as an expert witness at the trial of this matter.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Adrian N. Roe, Esquire
        Watkins, Dulac & Roe P.C.
        Email: aroe@watkinsdulac.com

        Kenneth J. Witzel, Esquire
        Watkins, Dulac & Roe P.C.
        Email: kwitzel@watkinsdulac.com

        Ira Weiss, Esquire
        445 Fort Pitt Boulevard
        503 Fort Pitt Commons Building
        Pittsburgh, PA 15219

4

John H. Rushford, Esquire
Email: john.rushford@verizon.net

Gregory A. Miller, Esquire
Buchanan Ingersoll
Email: millerga@bipc.com

Lisa M. Passarello, Esquire
Buchanan Ingersoll
Email: passarellolm@bipc.com

Mark R. Hornak, Esquire
Buchanan Ingersoll
Email: hornakmr@bipc.com