IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH LYNN BOYSZA | ) | |
| | ) | |
| | ) | |
| v. | ) | 02:03cv1526 |
| | ) | |
| JOHN W. THOMPSON, individually and in | ) | |
| his capacity as Superintendent of the City of | ) | |
| Pittsburgh Public Schools and the | ) | |
| PITTSBURGH BOARD OF PUBLIC | ) | |
| EDUCATION and the CITY OF | ) | |
| PITTSBURGH SCHOOL DISTRICT | ) | |

**MEMORANDUM ORDER**

Presently before the Court for disposition is the PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANT JOHN W. THOMPSON AT TRIAL *(Document No. 103)*, and the Defendants' Response in opposition *(Document No. 104)*. For the reasons that follow, the Motion will be granted.

Plaintiff, a teacher with the City of Pittsburgh School District, alleges that Defendants violated her constitutional rights in suspending her without pay for four months on the basis of having "cheated" in the administration of a test which she maintains was a baseless charge. John W. Thompson ("Dr. Thompson") has been sued in his individual capacity and as Superintendent of Defendant City of Pittsburgh School District. Plaintiff is seeking monetary damages against Dr. Thompson in both his individual and official capacities, and punitive damages against him in his individual capacity.

Dr. Thompson was at all times relevant to this lawsuit the Superintendent of Defendant City of Pittsburgh School District and by virtue of his position as Superintendent, also had a seat on the Defendant Pittsburgh Board of Public Education. Further, Dr. Thompson

was a key decisionmaker in the matter which resulted in the imposition of sanctions upon Plaintiff.

At the time Plaintiff filed her lawsuit, Dr. Thompson, as the Superintendent of the City of Pittsburgh School District, was located within the geographical subpoena powers of this Court. However, at the present time, Dr. Thompson is no longer employed by the School District and Plaintiff believes that he currently resides in North Carolina, "more than 400 miles outside of this judicial district."

Plaintiff has indicated her desire to call Dr. Thompson as a witness during trial. Defendant responds that it is under no obligation to produce Dr. Thompson as he is no longer an employee of the School District, he is not the School District's agent or managing agent, and he is outside of the geographic subpoena power of this Court. The Court notes, however, that Dr. Thompson continues to be represented in this action by the same attorneys who represent the School Board and the School District.

Plaintiff has <u>not</u> asked the Court to issue a subpoena for Dr. Thompson, but rather asks the Court to compel Dr. Thompson to attend the trial. Dr. Thompson was in an important decision-making position within the School District and appears to have played a key role in the determination of the discipline imposed upon Plaintiff. The Court finds that Plaintiff's request is reasonable and, accordingly, directs that Dr. Thompson, a named party witness, shall be produced for trial in order that he may be called as a witness during the presentation of Plaintiff's case.

Should Defendants fail to produce Dr. Thompson at trial, Plaintiff may be permitted to argue that adverse inferences should be drawn against him for his failure to appear at trial.

*See Shawnee Holdings, Inc. v. Travelers Indemnity Co. of America*, 2004 WL 234369 (M. D. Pa. 2004); *United States v. Hitachi America, Ltd.*, 1996 WL 47157 (CIT 1996).

**AND NOW**, this 22nd day of September, 2005, it is hereby **ORDERED** that Plaintiff's Motion to Compel Production of Defendant John W. Thompson at Trial is **GRANTED.**

                                                BY THE COURT:

                                                <u>s/Terrence F. McVerry, Judge</u>
                                                United States District Court

cc:        Adrian N. Roe, Esquire
           Watkins, Dulac & Roe P.C.
           Email: aroe@watkinsdulac.com

           Kenneth J. Witzel, Esquire
           Watkins, Dulac & Roe P.C.
           Email: kwitzel@watkinsdulac.com

           Ira Weiss, Esquire
           445 Fort Pitt Boulevard
           503 Fort Pitt Commons Building
           Pittsburgh, PA 15219

           Gregory A. Miller, Esquire
           Buchanan Ingersoll
           Email: millerga@bipc.com

           Lisa M. Passarello, Esquire
           Buchanan Ingersoll
           Email: passarellolm@bipc.com

           Mark R. Hornak, Esquire
           Buchanan Ingersoll
           Email: hornakmr@bipc.com