**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BETH LYNN BOYSZA, )
 )
   v. )  02:03cv1526
 )
JOHN W. THOMPSON, individually and in )
his capacity as Superintendent of the City of )
Pittsburgh Public Schools and the )
PITTSBURGH BOARD OF PUBLIC )
EDUCATION and the CITY OF )
PITTSBURGH SCHOOL DISTRICT )

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court are the following:

(1) MOTION IN LIMINE TO LIMIT PLAINTIFF'S EVIDENCE OF

COMPARATORS filed by Defendants (*Document No. 87*), and the response in opposition filed

by Plaintiff (*Document No. 98*);

(2) MOTION IN LIMINE TO PERMIT TESTIMONY FROM DEFENDANTS

REGARDING PROCEDURAL DUE PROCESS CLAIM filed by Defendants (*Document No.

88*) and the response in opposition filed by Plaintiff (*Document No. 99*);

(3) MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM PLAINTIFF

REGARDING "DISCHARGE" AND TO LIMIT DAMAGES filed by Defendants *(Document

No. 93)* and the response in opposition filed by Plaintiff (*Document No. 100*); and

(4) MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S

HARASSMENT COMPLAINT filed by Defendants (*Document No. 94*) and the response in

opposition filed by Plaintiff (*Document No. 102*).

The Motions will be addressed seriatim.

**MOTION IN LIMINE TO LIMIT PLAINTIFF'S EVIDENCE OF COMPARATORS**

Defendants seek to limit evidence presented by Plaintiff regarding "comparators to those individuals who are arguably similarly situated to Plaintiff."  Defendants argue that testimony which pertains to discipline of other School District employees for conduct other than cheating is not relevant to Plaintiff's Equal Protection claim.

Plaintiff responds that she intends to call three potential categories of "comparators": (i) other teachers accused of cheating; (ii) other School District personnel disciplined for conduct other than cheating; and (iii) during the damages phase, other School District personnel who experienced retaliation.

Defendants' motion will be granted to the extent that Plaintiff will be limited to presenting evidence of other teachers who have been accused of cheating and/or accused of using inappropriate testing methods, i.e., those individuals who are arguably similarly situated to Plaintiff.

Plaintiff will, however, be allowed to present a limited amount of evidence which reflects that the discipline imposed upon Plaintiff  "was of extraordinary length" and "unprecedented."

Further, during the damages phase of the trial, the Court is inclined to permit Plaintiff to offer evidence which reflects an alleged "pattern of abuse and retaliation against School District personnel . . . who speak out."  However, the Court will reserve its decision on that issue until the damages phase of the trial.

For these reasons, the Motion in Limine will be granted in part and denied in part.

### MOTION IN LIMINE TO PERMIT TESTIMONY FROM DEFENDANTS REGARDING PROCEDURAL DUE PROCESS CLAIM

Defendants request that they be permitted to introduce testimony and evidence which pertains to Plaintiff's procedural due process claim, despite the fact that partial summary judgment previously has been granted on this claim. As both parties know, Defendants filed a Motion for Reconsideration in which they requested the Court to vacate its prior decision and grant judgment in favor of Defendants as a matter of law. For the first time, Defendants raised the legal argument that Plaintiff had elected to pursue her remedies through the collective bargaining agreement and, thus, was not entitled to a School Board hearing.

On August 30, 2005, the Court by Memorandum Order denied Defendants' request and found that a Motion for Reconsideration was not the proper vehicle for raising new legal arguments that were previously available to Defendants. However, the Court further found that "Defendants [were] not prejudiced by this ruling as they [would] not be precluded from raising the new legal arguments in a motion for judgment as a matter of law under Fed. R. Civ. P. 50 at the close of Plaintiff's case." Memo. Op. at 4.

The Court finds and rules that in order for Defendants to properly raise the "election of remedies" argument as a Rule 50(a) motion, Defendants must be permitted to introduce evidence regarding the "process" and Plaintiff's participation in that "process." Although the issue of whether Plaintiff made a binding election of remedies is a question of law for the Court to determine, the Court finds that it, along with the jury, must be presented with the "total" picture of the "process" which did or did not occur in this matter.

For these reasons, the Motion in Limine will be granted.

3

**MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM PLAINTIFF REGARDING
"DISCHARGE" AND TO LIMIT DAMAGES**

Defendants seek to exclude testimony or documentary evidence offered by Plaintiff
that she was "discharged" and, consequently, to exclude evidence regarding any future wage
loss.  Defendants contend that "Plaintiff is still an employee of the City of Pittsburgh School
District and she can return to work as soon as she chooses to do so."  Defs' Br. at 1-2.

Plaintiff responds that "Defendants have constructively terminated Plaintiff as a
tenured teacher with the School District" and that she will "present evidence of objectively
intolerable working conditions."  Pl's Br. in Opp'n.

Whether Plaintiff was constructively discharged is clearly an issue of fact for the jury
to determine in this case.  Accordingly, Defendants' motion will be denied.

Defendants also argue that Plaintiff's claim for back pay is tolled because she has
rejected two unconditional offers to return to work.  However, should the jury find that Plaintiff
was constructively discharged as she alleges, Defendants' argument becomes moot.
Accordingly, the Court rejects Defendants' argument that Plaintiff's claim for back pay is
tolled.

For these reasons, the Motion in Limine will be denied.


**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S HARASSMENT COMPLAINT**

Defendants seek to exclude evidence of Plaintiff's internal harassment complaint
filed in June 2001 arguing that it "is too temporally remote to Plaintiff's suspension in May
2003 and was not a substantial factor in the decision to suspend Plaintiff."  Defs' Mot. at 1.
The Court disagrees.

The record evidence establishes that Plaintiff filed her internal complaint against Kevin Bivens in 2001 and she is "prepared to show that Dr. Thompson had a personal relationship with Kevin Bivens which had previously motivated Dr. Thompson to intervene on behalf of Mr. Bivens."  Pl's Br. at 1.  Additionally, Plaintiff contends that she will present evidence at trial which establishes that Dr. Thompson "personally drew a link between Mrs. Boysza's prior complaint against Mr. Bivens for indeliberate indifference to sexual harassment and the appropriate punishment for Mrs. Boysza in relation to the cheating allegations."  *Id.* at 1-2.

Our court of appeals has stated that evidence of ongoing antagonism is a main factor with respect to a plaintiff establishing a prima facie case of retaliation.  *See Abramson v. Wm. Paterson College of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001).  Therefore, the Court finds that it will be a question for the jury to decide whether Dr. Thompson's conduct towards Plaintiff and the discipline imposed upon her was "motivated in whole or in part by animus [Dr. Thompson] had developed toward Mrs. Boysza by reason of her prior harassment complaint against Mr. Bivens."  Pls' Br. at 2.

Accordingly, the Motion in Limine will be denied.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BETH LYNN BOYSZA            )
                                        )
             v.               )       02:03cv1526
                                          )
JOHN W. THOMPSON, individually and in  )
his capacity as Superintendent of the City of  )
Pittsburgh Public Schools and the         )
PITTSBURGH BOARD OF PUBLIC      )
EDUCATION and the CITY OF           )
PITTSBURGH SCHOOL DISTRICT     )

**ORDER OF COURT**

AND NOW, this 22nd day of September, 2005, in accordance with the foregoing

Memorandum Opinion, it is **ORDERED**, **ADJUDGED, AND DECREED** as follows:

1.     The MOTION IN LIMINE TO LIMIT PLAINTIFF'S EVIDENCE OF

COMPARATORS filed by Defendants (*Document No. 87)* is **GRANTED IN PART AND**

**DENIED IN PART**;

2.     The MOTION IN LIMINE TO PERMIT TESTIMONY FROM

DEFENDANTS REGARDING PROCEDURAL DUE PROCESS CLAIM filed by Defendants

(*Document No. 88*) is **GRANTED**;

3.     The MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM

PLAINTIFF REGARDING "DISCHARGE" AND TO LIMIT DAMAGES filed by Defendants

(*Document No. 93*) is **DENIED**; and

4.     The MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S

HARASSMENT COMPLAINT filed by Defendants (*Document No. 94*) is **DENIED**.

6

BY THE COURT:

<u>s/Terrence F. McVerry, Judge</u>
United States District Court

cc:      Adrian N. Roe, Esquire
Watkins, Dulac & Roe P.C.
Email: aroe@watkinsdulac.com

Kenneth J. Witzel, Esquire
Watkins, Dulac & Roe P.C.
Email: kwitzel@watkinsdulac.com

Ira Weiss, Esquire
445 Fort Pitt Boulevard
503 Fort Pitt Commons Building
Pittsburgh, PA 15219

Gregory A. Miller, Esquire
Buchanan Ingersoll
Email: millerga@bipc.com

Lisa M. Passarello, Esquire
Buchanan Ingersoll
Email: passarellolm@bipc.com

Mark R. Hornak, Esquire
Buchanan Ingersoll
Email: hornakmr@bipc.com