IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH LYNN BOYSZA, | ) | |
| | ) | |
| v. | ) | 02:03cv1526 |
| | ) | |
| JOHN W. THOMPSON, individually and in his capacity as Superintendent of the City of Pittsburgh Public Schools and the PITTSBURGH BOARD OF PUBLIC EDUCATION and the CITY OF PITTSBURGH SCHOOL DISTRICT | ) ) ) ) ) ) ) | |

**ORDER OF COURT**

Presently before the Court is the PLAINTIFF'S PRETRIAL MOTION AS TO UNSEALED MATTERS (*Document No. 90*) and the Defendants response in opposition (*Document No. 96)*.

First, Plaintiff seeks an order confirming that the burden of proof on her procedural due process claim has shifted pursuant to *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). In a separate Memorandum Opinion and Order of Court filed simultaneously herewith, the Court has ruled that Defendants will be permitted to introduce testimony and evidence which pertains to Plaintiff's procedural due process claims and also ruled that the Court, as well as the jury, must be presented with the "total" picture of the "process" which did or did not occur in this matter. Accordingly, Plaintiff's request to shift the burden of proof is **DENIED**.

Next, Plaintiff seeks a limiting instruction with respect to the August 8, 2003 letter or, in the alternative, for an Order excluding the letter. Plaintiff argues that the admission of this letter would lead to "jury confusion and unfair prejudice." The Court does not agree. Rather, the Court finds that the letter of August 8, 2003 is very significant in the overall factual

scenario and the jury should be fully apprised of the existence of the letter and the circumstances around which Plaintiff signed same. Accordingly, Plaintiff's second request is **DENIED.**

Last, Plaintiff requests that the Court issue a limiting instruction with respect to the participation of the Federation of Teachers (the "Union"). However, the participation of the Union is a critical component of the Defendants' defense. To preclude any mention of the Union's involvement would prejudicially deprive the Defendants of their ability to defend themselves and would deprive them of a fair trial. According, Plaintiff's third request is **DENIED**.

For these reasons, the Pretrial Motion as to Unsealed Matters filed by Plaintiff is **DENIED** in all respects.

So **ORDERED** this 22nd day of September, 2005.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court

cc:  Adrian N. Roe, Esquire
Watkins, Dulac & Roe P.C.
Email: aroe@watkinsdulac.com

Kenneth J. Witzel, Esquire
Watkins, Dulac & Roe P.C.
Email: kwitzel@watkinsdulac.com

Ira Weiss, Esquire
445 Fort Pitt Boulevard
503 Fort Pitt Commons Building
Pittsburgh, PA 15219

Gregory A. Miller, Esquire
Buchanan Ingersoll
Email: millerga@bipc.com


Lisa M. Passarello, Esquire
Buchanan Ingersoll
Email: passarellolm@bipc.com

Mark R. Hornak, Esquire
Buchanan Ingersoll
Email: hornakmr@bipc.com